**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BOARD OF TRUSTEES OF THE )
BRICKLAYERS OF WESTERN )
PENNSYLVANIA COMBINED FUNDS, INC.)          Civil Action No.  2:22-cv-767
)
          Plaintiff,                               )
)
          v.                                     )
)
LUFFY MASONRY LLC, R. JACOB LUFFY )
a/k/a RICHARD J. LUFFY a/k/a JAKE )
LUFFY and SAM LUFFY,                        )
)
          Defendants.                              )

**COMPLAINT**

1.      Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Luffy Masonry LLC's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with International Union of Bricklayers and Allied Craftworkers and/or its affiliated local unions (**"Union"**).

2.      Plaintiff Board of Trustees of the Bricklayers of Western Pennsylvania Combined Funds, Inc. ("**Funds**"), maintains its principal place of business for Fund purposes at Zenith American Solutions, 3 Gateway Center, 401 Liberty Avenue, Suite 1200, Pittsburgh, Pennsylvania 15222.

3.      Said Funds are multiemployer employee benefit funds established and maintained within the meaning of ERISA, and Plaintiff is bringing this action on behalf of the trustees, participants, and/or beneficiaries of said Funds.

4.      Defendant Luffy Masonry LLC ("**Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 200 Nichol Avenue Ext., Building #1, McKees Rocks, Pennsylvania 15136.

5.      Defendant Contractor has agreed to abide by a labor agreement ("**Agreement**") with the Union pursuant to which such Defendant Contractor was obligated to submit certain monthly payments to the Funds for pension, medical, annuity, apprenticeship, industry and dues for the benefit of employees covered under such Agreement.

**COUNT I**
**Board of Trustees of the Bricklayers of Western Pennsylvania**
**Combined Funds, Inc. v. Luffy Masonry LLC**

**ERISA Collection Action**

6.      In violation of said Agreement, Defendant Contractor has failed to make timely payments of such sums to Plaintiff through April 2022, which has resulted in an estimated principal deficiency of $183,595.17.  In addition, interest of $23,667.02 through May 31, 2022, and liquidated damages of $48,506.19 are due to Plaintiff for a total deficiency of $255,768.38.  Interest will continue to accrue after May 31, 2022 at the rate of one (1%) percent per month and $75.45 per day.

7.      Plaintiff also claims any additional amounts which may be shown to be due during the aforesaid contract periods as a result of any audits performed by the Funds, monthly remittance reports prepared by Defendant Contractor to Plaintiff or estimates made by the Funds until the termination of this case.  Plaintiff Funds estimate that each such monthly report, including those which have not yet been submitted, will total at least $40,000.00 If employer submits future late reports and/or payments, interest will be assessed on the principal amount thereof at the rate of one (1%) percent per month; plus liquidated damages of two (2%) percent per month with a maximum amount of twenty (20%) percent of the total amount due and owed

by Defendant Contractor.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

8.      Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

9.      Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also required to pay Plaintiff's attorneys' fees of twenty (20%) percent of the total delinquency, but not less than One Thousand Dollars ($1,000.00).  Such fees and expenses total $51,153.68 through May 31, 2022.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

10.      Defendant Contractor's failure to pay such delinquencies has caused the Funds to suffer loss of investment income; to incur additional administrative expenses; and has resulted in less monies being available to provide pension, medical, and other benefits to covered workers and their families.

11.      Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the aforesaid federal statutes and labor agreement herein described and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against Defendant Contractor:

a.      A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of said agreements and directing said Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to said agreements, and enjoining Defendant Contractor from disposing of assets; and

3

b.      For Defendant Contractor to present for audit; inspection; and/or copying all monthly payroll, unemployment compensation tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the last date worked to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant Contractor to Plaintiff; and

c.      For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $306,922.06, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at the rate of one (1%) percent per month; plus liquidated damages of two (2%) percent per month with a maximum amount of twenty (20%) percent of the total amount due; attorneys' fees of twenty (20%) percent of total amount due; plus costs of suit; and

d.      For the Court to retain jurisdiction of the case pending compliance with its orders; and

e.      For such other and further relief as the Court may deem just.

## COUNT II
### Board of Trustees of the Bricklayers of Western Pennsylvania Combined Funds, Inc. v. R. Jacob Luffy a/k/a Richard J. Luffy a/k/a Jake Luffy and Sam Luffy

### ERISA Breach of Fiduciary Duty Action

12.     The averments contained in paragraphs 1 through 11 are incorporated by reference.

13.     At all times material hereto, Defendant R. Jacob Luffy a/k/a Richard J. Luffy a/k/a Jake Luffy and Sam Luffy ("**Individual Defendants**") served as Members and Owners of Contractor at the address listed in Paragraph 4.

14.     At all times material, Individual Defendants were responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by bricklayers and other allied crafts employed under such Agreement.

4

15.     At all times material, Individual Defendants were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to Plaintiff Funds.

16.     At all times material, Individual Defendants also had check signing authority and the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

17.     At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

18.     At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

19.     At all times material, Individual Defendants were aware that Contractor failed to timely pay all required fringe benefits to the Funds.

20.     Nevertheless, Individual Defendants prioritized payment of corporate expenses that personally benefitted them over payment to the Funds.

21.     Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

22.     Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Funds.

23.     Based upon the foregoing, Individual Defendants also breached their fiduciary duties to the Funds by failing to cause Contractor pay to Plaintiff Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees, and legal costs owed by Contractor to the Funds.

24.     The estimated principal contributions owed to the Funds through April 2022 total $168,907.56.  In addition, interest through May 31, 2022, of $21,773.66 and liquidated damages

of $44,625.69 are due to Plaintiff Funds for a total deficiency of $235,306.91. Interest will continue to accrue after May 31, 2022, at the rate of $69.41 per day.

25.    Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or monthly remittance reports submitted by Contractor to Plaintiff until the termination of this case.  Plaintiff estimates that each such monthly report, including those which have not yet been submitted, will total at least $36,800.00.  If employer submits future late reports and/or payments or it is determined by Plaintiff that additional amounts are owed by Contractor to Plaintiff, interest will be assessed on the principal amount thereof the rate of one (1%) percent per month; plus liquidated damages of two (2%) percent per month with a maximum amount of twenty (20%) percent of the total amount due owed by Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

26.    Plaintiff has demanded from Individual Defendants payment of all such amounts due, but Individual Defendants have neglected and continue to neglect to pay such amounts.

27.    Pursuant to ERISA, Contractor and Individual Defendants are also obligated to Plaintiff Funds to pay Plaintiff's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater.  Such fees and expenses total $47,061.38 through May 31, 2022.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against R. Jacob Luffy a/k/a Richard J. Luffy a/k/a Jake Luffy and Sam Luffy in the amount of $282,368.29, plus interest from May 31, 2022, at a per diem rate of $69.41, plus legal costs, plus additional charges and fees.

## COUNT III

### Board of Trustees of the Bricklayers of Western Pennsylvania Combined Funds, Inc. v. R. Jacob Luffy a/k/a Richard J. Luffy a/k/a Jake Luffy and Sam Luffy

### State Common Law Conversion Action

28.    All previous paragraphs are incorporated herein by reference.

29.    Pursuant to such Agreement, Individual Defendants caused Luffy Masonry LLC to withhold monies from its employees' wages for union dues and legislative funds that were required to be remitted to Plaintiff Funds.

30.    In violation of the Agreement, Luffy Masonry LLC failed to remit such wage deductions to Plaintiff Funds.

31.    At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to Plaintiff Funds.

32.    Individual Defendants exercised dominion and control over the employee wage withholdings of $14,687.61, and authorized and/or permitted such monies to be used to pay other purported creditors of Luffy Masonry LLC.

33.    Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to Plaintiff Funds.

34.    Plaintiff Funds are also entitled to receive from Individual Defendants, interest on such late payments ($1,893.36 through May 31, 2022), plus additional interest from May 31, 2022, of $6.04 per day.

35.    Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or monthly remittance reports submitted by Contractor to Plaintiff until the termination of this case.  Plaintiff Funds estimate that each such monthly report, including those which have not yet been submitted, will total at least $3,200.00. If employer submits future late reports and/or payments, or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the

7

principal amount thereof at the rate of one (1%) percent per month.  In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against R. Jacob Luffy a/k/a Richard J. Luffy a/k/a Jake Luffy and Sam Luffy in the amount of $16,580.98, plus additional interest from May 31, 2022. and costs of suit.

TUCKER ARENSBERG, P.C.

*/s/ Neil J. Gregorio*
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff

TADMS:5682179-1 024112-191347

8